IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ESTATE OF VICTOR J. GOUDY by
Nila Rae Goudy, Administratrix,

    Plaintiff,

v.                                     Civil Action No. 5:10CV79
                                                  (STAMP)
McELROY COAL COMPANY,
CONSOL ENERGY, INC.,
J. TODD MOORE and
MICHAEL CONJESKI,

    Defendants.


**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND;
DENYING WITHOUT PREJUDICE DEFENDANT
MICHAEL CONJESKI'S MOTION TO DISMISS;
AND DENYING WITHOUT PREJUDICE DEFENDANTS
J. TODD MOORE AND CONSOL ENERGY, INC.'S
MOTION TO DISMISS**

I.  Procedural History

On February 18, 2009, the plaintiff filed this personal injury action in the Circuit Court of Marshall County, West Virginia against defendants Michael Conjeski ("Conjeski") and McElroy Coal Company alleging a statutory tort under West Virginia Code § 23-4-2, commonly referred as a "deliberate intention" cause of action. The plaintiff also sues J. Todd Moore ("Moore") and Consol Energy, Inc. ("Consol") for negligence. On July 28, 2010, the defendants filed a notice of removal in this Court based upon diversity jurisdiction. The plaintiff then filed a motion to remand to which the defendants responded. The plaintiff filed a

reply. Thereafter, defendant Michael Conjeski filed a motion to dismiss. Defendants J. Todd Moore and Consol Energy, Inc. filed a separate motion to dismiss.

Having reviewed the parties' pleadings and the relevant law, this Court finds that diversity jurisdiction is lacking. Accordingly, the plaintiff's motion to remand must be granted, and the defendants' motions to dismiss will be denied without prejudice to being raised in state court, if appropriate.

## II. Facts

On October 19, 2008, defendant Conjeski, foreman at the McElroy Coal Mine, assigned Victor Goudy ("Goudy") to participate in the transportation of several motors and dollies, also called lowboys, to the Fish Creek portal. Goudy exited his motor at the Fish Creek portal and began to disconnect the lowboys from his motor. As the tail motor approached, Goudy signaled it to stop while he continued to disconnect the lowboys. The tail motor did not stop and collided with the dollies. Goudy was crushed between the lowboys and his motor. The accident killed him. The West Virginia Office of Miners' Health, Safety, and Training and the United States Department of Labor Mine Safety and Health Administration stated the cause of the accident was McElroy Coal Company's failure to have required lights and or appropriate reflectors on the back of all trips. Count One of the complaint alleges deliberate intent against McElroy Coal Company. Count Two

alleges deliberate intent against Conjeski.  Count Three alleges negligence against Consol Energy and Moore.  Moore is a West Virginia resident who works for Consol as director of safety.  Conjeski is a West Virginia resident who is mine foreman at the McElroy Coal Mine.  Consol and Moore wrote a comprehensive mine safety program, which is used at the McElroy Coal Mine.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity.  See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).  Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has

3

been fraudulently joined. Id. "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id. When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder. See Rinehart v. Consolidation Coal Co., 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

IV. Discussion

A. Defendant Conjeski

In her pleadings in support of remand, the plaintiff argues that diversity jurisdiction is absent because the parties are not completely diverse. The defendants, in their response, contend that nondiverse defendants Conjeski and Moore were fraudulently joined to defeat diversity jurisdiction.

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendant. Marshall, 6 F.3d at 232. "[T]he defendant must show that the

plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of right to relief need be asserted." Id. at 232-233 (internal citations omitted). Further, the burden is on the defendant to establish fraudulent joinder by clear and convincing evidence. See Rinehart, 660 F. Supp. at 1141.

Here, the defendants do not allege outright fraud in the plaintiff's pleadings. Therefore, to defeat the plaintiff's motion to remand, the defendants must establish by clear and convincing evidence that, even resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged any possible claim against Conjeski and Moore. The defendants fail to meet this burden.

Because the plaintiff's grounds for relief are based upon West Virginia law, the Court looks to the law of that state to determine whether Conjeski and Moore were fraudulently joined. The plaintiff asserts a cause of action against Conjeski and McElroy Coal Company for a deliberate intention workplace injury pursuant to West Virginia Code § 23-4-2(d)(2). This statutory provision establishes an exception to the general prohibition against such suits under West Virginia Workers' Compensation Act. See W. Va. Code § 23-2-6.

5

West Virginia's deliberate intention statute provides two independent means for proving deliberate intension. Specifically, West Virginia Code § 23-4-2(d)(2) states:

> The immunity from suit provided under this section and under sections six [§ 23-2-6] and six-a [§ 23-2-6a], article two of this chapter may be lost only if the employer or person against whom liability is asserted acted with "deliberate intention". This requirement may be satisfied only if:
>
> (i) It is proven that the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (A) conduct which produces a result that was not specifically intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct; or
>
> (ii) The trier of fact determines, either through specific findings of fact made by the court in a trial without a jury or through special interrogatories to the jury in a jury trial, that all of the following facts are proven:
>
>> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>>
>> (B) That the employer, prior to the injury, had actual knowledge of the unsafe working condition and of the high degree of risk and a strong probability of serious injury or death presented by the specific unsafe working condition;
>>
>> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as

> demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
>
> (D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
>
> (E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§ 23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2. In her complaint, the plaintiff invokes only the second subpart, i.e., § 23-4-2(d)(2)(ii), as grounds for relief against Conjeski and McElroy Coal Company.

The defendants believe that the facts, as presented in the complaint, and the West Virginia Code reveal that there is no possibility of a § 23-4-2(d)(2)(ii) deliberate intention claim against Conjeski. The defendants believe that the statute applies only to "employers" and does not apply to "persons" such as supervisors. In support of their position, the defendants cite to Evans v. CDX Services, LLC, 528 F. Supp. 2d 599 (S.D. W. Va. 2007), a case from outside this judicial district, and Fincham v.

7

Armstrong World Industries, Inc., No. 2:08-CV-101, (N.D. W. Va. Nov. 7, 2008), an unpublished case which follows the reasoning of Evans.

Existing case law in this district holds that the immunity referenced in the above quoted statute applies both to employers and co-employees. See Weekly v. Olin Corp., 681 F. Supp. 346, 352 (N.D. W. Va. 1987); W. Va. Code § 23-2-6a (providing that the immunity from liability provided to employers that contribute to workers' compensation fund "shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention"). The plaintiff is correct that the West Virginia Supreme Court of Appeals has not addressed whether a deliberate intent cause of action can be brought against an employee under § 23-4-2(d)(2)(ii). However, this Court and lower state courts have found that there is a possibility that the plaintiff can assert a cause of action against a supervisor in a case such as this. See Weekly, 681 F. Supp. at 352; Howell v. Nalco Chem. Co., No. 5:00-CV-205, (N.D. W. Va. Aug. 9, 2001); Morris v. PPG Indus., Inc., No. 5:99-CV-137 (N.D. W. Va. June 7, 2000) ("[I]t is sufficient for this Court to recognize that the allegations raised by the plaintiffs indicate that [the defendant] could be liable to the plaintiffs based, in part, upon [the defendant's] supervisory position . . ."); Crow v. Allied-

Signal, Inc., No. 5:94-CV-91 (N.D. W. Va. July 18, 1995); Burch v. Monarch Rubber Co., No. 2:06-CV-760 (S.D. W. Va. Dec. 8, 2006) (citing Weekly to find that there is a chance that the deliberate intent cause of action applies to employees); Knight v. Baker Material Handling Corp., No. 01-C-39-1 (Harrison County W. Va. Cir. Ct. Sept. 26, 2001); Anderson v. Am. Elec. Power Serv. Corp., No. 06-C-770 (Kanawha County W. Va. Cir. Ct. April 10, 2007). Accordingly, this Court finds that the plaintiff did not fraudulently join defendant Conjeski because there is a possibility of a claim against an employee.

B. Defendant Moore

The defendants believe that the facts in the complaint, as applied to the plain language of W. Va. Code §§ 23-2-6 and 23-2-6a, which immunize employers and their agents from injuries to an employee, reveal that there is no possibility of a negligence claim against Moore. West Virginia Code § 23-2-6a provides that:

> The immunity from liability set out in the preceding section [§ 23-2-6] shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention.

The plaintiff argues that she has alleged no agency relationship and that her complaint is silent on these issues of fact, the determination of which would be inappropriate at this stage in the litigation. This Court agrees.

In West Virginia, to determine whether a master-servant relationship exists "for purposes of the doctrine of respondeat superior: (1) Selection and engagement of the servant; (2) Payment of compensation; (3) Power of dismissal; and (4) Power of Control." Burless v. W. Va. Univ. Hospitals, 601 S.E.2d 85, 91 (W. Va. 2004) (internal citations omitted). The power of control is determinative to the existence of the relationship. Id. "[O]ne must examine the facts of a particular case to determine whether an agency relationship exists." Id. Because the plaintiff has not alleged an agency relationship and nothing in the complaint reveals that McElroy Coal Company exercised control over defendant Moore, this Court finds that it is possible that a finder of fact could determine that Moore acted as an independent contractor rather than an agent. Accordingly, there is a possibility of recovery against Moore and fraudulent joinder does not exist.

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia. It is also ORDERED that the defendant Michael Conjeski's motion to dismiss and defendants J. Todd Moore and Consol Energy, Inc.'s motion to dismiss be DENIED WITHOUT PREJUDICE to being raised in state court if appropriate. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   October 20, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE